FILED
OCT 21 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LaVonne Davis, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 09 1995 |
| Superior Court, | ) |
|       Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues the Superior Court of the District of Columbia. She states that "[t]here is a case in Family Court . . . pertaining to one of my kids, where there should be one case including both of my kids," and seeks assistance with presenting her case "to the appropriate judge" to get her children out of foster care. Compl. at 1. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction.

Accordingly, the complaint must be dismissed.[1] A separate Order accompanies this Memorandum Opinion.

Date: October  16 , 2009

United States District Judge

---

[1] Plaintiff's recourse lies, if at all, in the District of Columbia Superior Court.